### 5566.  CREIGHTON v. THE STATE.

WADE, J.  This conviction was based alone on circumstantial evidence which is not sufficient to exclude from the minds of the jury trying the case every other reasonable hypothesis than that of the guilt of the defendant.  Had it affirmatively appeared from the evidence that the still was upon the land of the accused, an inference might thus have been raised that would perhaps have supported a conviction.

                                            *Judgment reversed.*

                    DECIDED MAY 16, 1914.

Indictment for misdemeanor ; from city court of Sparta—Judge Moore.  October 21, 1913.

George Creighton was convicted under an indictment charging him with having manufactured intoxicating liquors.  On the trial T. B. Hightower testified : "About the 21st of August, this year,

. . I went down in there near George Creighton's house, near a little branch, and I found where there had been a still operating. Whisky had been made there. . . From the scent of the surroundings there, whisky had been made there. . . There were six barrels there that had had mobby in them; they were up on the hill just a short distance from the branch; and, following the plainest path from these barrels down to the branch, I found this still place; and there was a furnace there, and a little piping left there, but the still had been moved out. Then in following the plainest path away from the still, in fact the only path that went away from there, I followed it to George Creighton's house. That house was possibly 300 yards from there. That still was down in the swamp. I went into George Creighton's house. That was in Hancock county. When I got into George Creighton's house I found all of this whisky or rum in there, . . in different bottles, jugs, half-pint bottles, and pint bottles, in quarts and in gallon jugs. . . [The witness produced several bottles of different sizes, containing a white fluid.] This was all the whisky that I found. There were also some measuring pots there and some funnels. Mr. W. B. Young was with me at the time. That stuff there in that bottle is what you call stump rum. If it was drunk to excess it would produce intoxication; it made me very drunk once. . . I couldn't swear that he manufactured the liquor. . . I can't swear that this still was on his land. I don't know whose land it was. My information is that this still was right near a land-corner, that two or three people's land corner near this still. I can't swear but what somebody else had that still there. . . I also found some curious-looking pipe there in this man's house; it was galvanized-iron pipe, and some rubber piping also. That galvanized-iron piping was made up with a lot of elbows and joints in it. That was in this man's crib, hid under some fodder and shucks and such stuff as that. . . He said that was his liquor." W. B. Young testified substantially to the facts stated by the preceding witness. There was no further testimony. The defendant, in his statement at the trial, said that he bought the liquor found at his house by the witnesses; that he had no still, had never seen one, and had never made liquor; that there was an old furnace at the place where the witnesses said they found the still, but it was not on his place.

*Burwell & Fleming,* for plaintiff in error.
*R. L. Merritt, solicitor,* contra.